**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AL TUDOR DUPONT; AURELIA
ANDERSON,

      Plaintiffs - Appellants,

 v.

STERLING FAMILY
TRUST; ROCHELLE H. STERLING,
individually and as sole Trustee of Sterling
Family Trust, and as Manager of Beverly
Hills Properties LLC; DONALD. T.
STERLING CORPORATION, doing
business as Beverly Hills Properties,
LLC; BEVERLY HILLS PROPERTIES,
LLC,

      Defendants - Appellees,

and

DOES, 1-20, inclusive,

      Defendant.

No. 24-2636

D.C. No.
2:23-cv-09785-SVW-AS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 4, 2025[]
Pasadena, California

Before: IKUTA and CHRISTEN, Circuit Judges, and LIBURDI, District Judge.[***]

Al Tudor DuPont and Aurelia Anderson appeal the denial of their motion for preliminary injunction. We have jurisdiction under 28 U.S.C. § 1292(a) and affirm.

The Court reviews a district court's denial of a preliminary injunction motion for abuse of discretion. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023).

Appellants asserted a reasonable accommodation claim under the Fair Housing Act ("FHA"). At the preliminary injunction hearing, the district court held that Appellants failed to show a likelihood of success on the merits. As one of the reasons for this conclusion, the district court stated Appellants did not establish that "someone similarly situated was treated differently." While a claim of disparate treatment under the FHA requires a showing of similarly situated individuals being treated differently than the movant, a reasonable accommodation claim does not. *Compare Gamble v. City of Escondido*, 104 F.3d 300, 305 (9th Cir. 1997) (listing the elements for a disparate treatment claim under the FHA), *with Ohio House, LLC v. City of Costa Mesa*, 122 F.4th 1097, 1133 (9th Cir. 2024) (listing the elements for

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

a reasonable accommodation claim under the FHA). To the extent that the district court applied a disparate impact standard, it erred.

Even if the district court erred, any error was harmless as the district court correctly held Appellants failed to establish discrimination, which includes a refusal to make a reasonable accommodation. *See Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006). An accommodation is considered reasonable "when it imposes no fundamental alteration in the nature of the program or undue financial or administrative burdens." *Giebeler v. M & B Assoc.*, 343 F.3d 1143, 1157 (9th Cir. 2003) (quotations and citations omitted).

The requested accommodation follows a rent stabilization commission decision requiring repairs to Appellants' apartment. The ordinance requiring relocation in such an event specifically indicates what constitutes a "comparable" unit. WEHO MUN. CODE § 17.52.110(i). It provides that housing shall be comparable in several ways including "location, size, [and] number of bedrooms." *Id.* Appellants now occupy a one-bedroom, one-and-one-half-bath apartment but request a two-bedroom apartment at the same reduced rent price. Therefore, the district court did not abuse its discretion because there was no likelihood of success on the merits.[1]

**AFFIRMED.**[2]

---

[1] Any procedural error was therefore harmless.

[2] Appellants' motions for judicial notice, Dkts. 15.1, 32.1, are denied.